### The Mary N. Hogan.

### Hooper v. The Mary N. Hogan.

(*Circuit Court, E. D. New York.* June 30, 1888.)

Towage—Stranding Tow—Obstructions Well Known to Navigators.
> On additional evidence adduced in this court. showing that the rock upon which libelant's boat struck when in tow of the Mary N. Hogan was an obstruction well known to navigators, *held*, that the tug was liable for such stranding. Reversing 30 Fed. Rep. 927.

In Admiralty. On appeal from district court. 30 Fed. Rep. 927.
*Goodrich, Deady & Goodrich*, for appellant.
*Carpenter & Mosher*, for appellee.

Blatchford, Justice. In this case I find the following facts: On July 11, 1885, about half-past 5 o'clock in the morning, the three-masted schooner Mabel Hooper, laden with coal, while being towed from Hoboken, in New Jersey, to Hart's island, by the steam-propeller Mary N. Hogan, for hire, was run aground below North Brother's island, and between Woolsey's dock and the Sunken Meadow, on a part of a ledge of rocks called the "Middle Ground." The propeller had the Hooper on her starboard side, and another loaded schooner on her port side. The Hooper was drawing 16½ feet of water, and the master of the propeller had notice of that fact. The tide was two hours flood. The place where the Hooper struck was a part of a ledge of rocks which was well known to navigators, and was and is about 300 yards long between the lines of three fathoms. From the government charts and published sailing directions, existing for several years before this occurrence, it appeared that the buoy was so placed on the middle of the ledge that, by giving it a berth of 100 yards to either the eastward or the westward, vessels would pass safely in from 12 to 15 fathoms at low water. The locality was well known to navigators to be dangerous water. The propeller was not proceeding in accordance with such charts and sailing directions, but negligently took the Hooper too close to the buoy, and thus caused the accident. It is not true, as alleged in the answer of the claimant, that the propeller was navigated with all due care, skill, and caution, and that the Hooper suddenly struck some obstacle on the bottom, unknown to navigation. The Hooper was seriously injured by the accident. On

the foregoing facts I find, as a conclusion of law, that the libelant is entitled to a decree against the propeller for his damages, with costs in the district court and in this court; the damages to be ascertained by a commissioner on a reference.